# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE:<br><br>ULTIMATE JETCHARTERS, LLC, *et al.*,<br><br>*Debtors*. | Case No. 23-51404<br>(Jointly Administered)<br><br>Chapter 11<br><br>Judge Alan M. Koschik |

## OBJECTION TO CLAIM OF BYLINE BANK
## AND REQUEST TO EXPUNGE

Robert S. Bernstein, the Litigation Trustee of the Ultimate Jetcharters, LLC, et al. Litigation Trust (the "Litigation Trustee" or the "Objector"), hereby objects to Claim No. 4 filed by Byline Bank (the "Claimant"). In support, the Objector states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1408 and 1409. This objection presents a "core" proceeding under 28 U.S.C. § 157(b)(2) as to which this Court has the statutory and constitutional authority to enter a final order or judgment.

2. The statutory predicates for the relief requested are section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3002, 3007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### BACKGROUND

3. On October 10, 2023 (the "Petition Date"), Ultimate Jetcharters, LLC ("UJC") filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court. On February 8, 2024, Ultimate Jet, LLC ("Ultimate" and, together with UJC, the "Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Court in this Court. This Court ordered that the Debtors' chapter 11 cases should be jointly administered (together, the "Cases").

4. The Debtors are Ohio limited liability companies with a principal place of business located at 6061 West Airport Drive, North Canton, Ohio 44720.

5. On January 25, 2024, the Court set March 29, 2024, and April 12, 2024, as the last dates by which non-governmental and governmental creditors, respectively, could file proofs of claims against UJC (the "UJC Bar Dates").

6. On August 7, 2024, the Court set September 12, 2024, as the last date by which non-governmental and governmental creditors could file proofs of claims against Ultimate (the "Ultimate Bar Date" and, collectively with the UJC Bar Dates, the "Claims Bar Dates").

7. Pursuant to section 5.4 of the Plan, any person or entity that was required to file a proof of claim by the respective Claims Bar Dates, but did not do so, "shall be forever barred, estopped, and enjoined from (a) asserting any such claim against . . . the Litigation Trust, and (b) receiving any distribution pursuant to the Plan or from the Litigation Trust." *See* Plan at § 5.4, p. 12.

8. On November 26, 2024, the Court entered its *Order Confirming Debtors' Second Amended Joint and Consolidated Plan of Reorganization* [Doc. No. 279] (the "Confirmation Order"), in which the Court confirmed and approved the *Second Amended Joint and Consolidated Plan of Reorganization* that the Debtors filed on August 20, 2024 [Doc. No. 235], as supplemented by the *Chapter 11 Plan Supplement* filed on October 3, 2024 [Doc. No. 262] and the *Second Chapter 11 Plan Supplement* filed on November 21, 2024 [Doc. No. 277] (as so supplemented, the "Plan").

9. Pursuant to a *Notice of Plan Effective Date* [Doc. No. 299], filed on February 27, 2025, by the Debtors, the Plan became "effective" on February 26, 2025.

10. Pursuant to the Plan, the Debtors, Nations Consulting Group, LLC, and the Litigation Trustee executed that certain *Ultimate Jetcharters, LLC, et al. Litigation Trust Agreement* (the "Litigation Trust Agreement"). In Section III, paragraph 1 of the Confirmation Order, the Court expressly approved and confirmed all provisions of the Litigation Trust Agreement.

11. Section 8.7.2 of the Plan empowers the Litigation Trustee to, among other things, "exercise such other powers as may be vested in the Litigation Trustee under the Litigation Trust Agreement or the Plan, or as deemed by the Litigation Trustee to be necessary and proper to implement the provisions of the Plan and Litigation Trust Agreement."

12. Pursuant to section 502 of the Bankruptcy Code, section 8.7.2 of the Plan, and Article III of the Litigation Trust Agreement, the Litigation Trustee is empowered to, among other tasks, "prosecute, defend, compromise, adjust, arbitrate, abandon, or otherwise deal with and settle . . . objections to Class 3 General Unsecured Claims" and to "administer, reconcile, compromise, estimate and/or resolve Claims . . . (including the filing of any objections to such Claims as appropriate)." *See, e.g.,* Litigation Trust Agreement at Art. III, §§ 3.4(e); 3.4(k).

## CLAIM OBJECTION

13. Claimant filed Proof of Claim No. 4 in UJC's chapter 11 case on November 29, 2023 (the "Alleged Claim").

14. The Alleged Claim purports to be a prepetition claim in the aggregate amount of $2,017.517.10.

15. Under the Plan, the Alleged Claim would be classified as a General Unsecured Claim in Class 3.

16. Claimant failed to attach any back-up information in support of its proof of claim, other than an assignment of a life insurance policy held by John Gordon (a former officer of the Debtors). Further, Claimant has failed to provide a detailed calculation as to how the balance was determined.

17. The Alleged Claim can and should be disallowed and expunged for the following reasons:

    (a) on or less than 90 days before UJC filed its chapter 11 case, the Claimant received Transfers (payments) totaling at least $83,000 from UJC that are avoidable (at least in part) under sections 544, 547, 548, or 549 of the Bankruptcy Code and/or that are recoverable from Claimant under section 550 of the Bankruptcy Code. As a result, any claim that Claimant purports to hold, including the Alleged Claim, is disallowed by operation of section 502(d) of the Bankruptcy Code until and unless Claimant repays the amount for which Claimant is liable under section 550 of the Bankruptcy Code;

    (b) Claimant was not scheduled as a creditor by either of the Debtors in their Schedules of Assets and Liabilities;

    (c) Claimant did not attach supporting documentation to its proof of claim that identifies the basis of the Alleged Claim and how the balance was determined; and

    (d) Claimant has failed to properly account for the disposition of the collateral that evidently secured the Alleged Claim and the payments that Claimant received on account of any debt.

18. The Objector reserves the right to file any further objections to the Alleged Claim. This objection shall in no way prejudice the Objector's right to file further objections against the Alleged Claim.

WHEREFORE, the Objector requests that the Court enter an Order expunging Byline Bank's claim filed at Claim No. 4, and grant to the Objector all other just and proper relief.

Respectfully submitted,

Dated: March 12, 2025

BERNSTEIN-BURKLEY, P.C.

By: /s/ *Harry W. Greenfield*
Harry W. Greenfield (0003839)
Jeffrey C. Toole (0064688)
1360 East 9th Street, Suite 1250
Cleveland, Ohio 44114
hgreenfield@bernsteinlaw.com
jtoole@bernsteinlaw.com
(216) 294-4950 (phone)
(412) 456-8135 (fax)

*Counsel to Robert S. Bernstein, Litigation Trustee of the Litigation Trust of Ultimate Jetcharters, LLC and Ultimate Jet, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the 12th day of March, 2025, the foregoing *Objection to Claim . . . and Request to Expunge* is being served:

(a) Via the Court's Electronic Case Filing System on those entities and individuals who are registered participants on the Court's Electronic Mail Notice List; and

(b) By depositing true and correct copies of the same in the United States mail, first class postage prepaid, addressed to the following entities or individuals:

Byline Bank
Att'n: Casey Young
Vice President, Loan Workout Officer
10 N. Martingale Road
Schaumburg, IL 60173

Byline Bank
Att'n: Highest Available Officer
180 N. LaSalle Street
Chicago, IL 60613

Ultimate Jetcharters, LLC
6061 West Airport Drive
North Canton, OH 44720

Ultimate Jet, LLC
6061 West Airport Drive
North Canton, OH 44720

By: /s/ *Harry W. Greenfield*
Harry W. Greenfield (0003839)
Jeffrey C. Toole (0064688)